FILED

September 9 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0660

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 313

GENUINE PARTS COMPANY,
a Georgia corporation,

        Plaintiff and Appellee,

  v.

RASCAL'S AUTO PARTS, INC., STEVE LAWRENCE
and JANICE L. LAWRENCE,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DV-2007-039
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Matthew W. Knierim, Katie Knierim, Christoffersen & Knierim, P.C.,
Glasgow, Montana

        For Appellee:

                James D. Rector, Rector Law Office, P.C., Glasgow, Montana

Submitted on Briefs:  August 19, 2008

Decided:  September 9, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Rascal's Auto Parts, Inc., Steve Lawrence, and Janice Lawrence (collectively, the Lawrences) appeal from the order of the Seventeenth Judicial District Court, Valley County, denying their motion for relief under M. R. Civ. P. 60(b).  We affirm.

## BACKGROUND

¶2     This case arises out of a dispute between Genuine Parts Company and the Lawrences.  Genuine Parts filed an action in the Superior Court of Fulton County, Georgia, in March 2006 (*Genuine Parts Co. v. Rascal's Auto Parts, Inc.*, Civil Action File No. 2006-CV-114231) alleging breaches of certain agreements.  The Lawrences, proceeding pro se, made special appearances in the Georgia court to contest jurisdiction; however, they did not file an answer to Genuine Parts' complaint as required by Ga. Code Ann. § 9-11-12(a).  In fact, aside from filing motions and briefs regarding the issue of jurisdiction, it appears that the Lawrences took no other action in the Georgia court.  In April 2007, the Georgia court held a hearing on Genuine Parts' motion for default judgment.  The Lawrences did not appear at this hearing.  Thereafter, the Georgia court ruled that it had personal jurisdiction over the Lawrences, and the court entered judgment in favor of Genuine Parts.  The Lawrences did not appeal from this judgment.

¶3     Genuine Parts then filed the Georgia judgment in the Montana Seventeenth Judicial District Court on May 14, 2007.  The Lawrences responded with a motion for relief under M. R. Civ. P. 60(b).  They asserted that the Georgia judgment was not conclusive under § 25-9-605(1), MCA, because (a) the Georgia court did not have personal jurisdiction over the Lawrences and (b) the Georgia court did not have

2

jurisdiction over the subject matter, including the Montana assets that were claimed as collateral by Genuine Parts. They further asserted that the Georgia judgment need not be recognized under § 25-9-605(2), MCA, because (a) the claim for relief sought by Genuine Parts in the Georgia court was "repugnant" to the public policy of Montana and (b) the Georgia court was a "seriously inconvenient forum" for the trial of the action. On these grounds, the Lawrences requested that the District Court deny full faith and credit to the Georgia judgment and refuse to recognize that judgment.

¶4 The District Court denied the Lawrences' motion. The court observed that the Georgia judgment had been filed in accordance with §§ 25-9-503 and -504, MCA. The court then evaluated the Georgia court's jurisdiction analysis and determined that the record supported the essential findings made by the Georgia court. The District Court concluded that the Georgia court had given "full and fair consideration of the jurisdiction issue" and that the Lawrences "had the necessary minimal contacts with Georgia for application of its long-arm statute." The District Court also rejected the Lawrences' public-policy arguments and their contention that the Georgia court was a seriously inconvenient forum, and the District Court noted that the Lawrences had failed to cite any other authority for the proposition that the Georgia judgment should not be enforced in Montana. Accordingly, citing *Carr v. Bett*, 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39, the District Court concluded that it was required to give the Georgia judgment "the *res judicata* effect it would be accorded in its own state."

¶5 On appeal, the Lawrences ask this Court to review the jurisdiction issue anew and reach the opposite conclusion of that reached by the Georgia court and the Montana

3

District Court. They set forth a lengthy argument that the Georgia court's analysis is based on "incorrect assumptions and unsupported 'facts' " and is contrary to *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945), and its progeny. They also contend that the forum-selection clause in the parties' contract violates due process and should not be enforced, though it appears from the Georgia court's Order and Judgment that the court grounded its decision in Georgia's long-arm statute, not the forum-selection clause.

## DISCUSSION

¶6      In considering the Lawrences' contentions, we first observe that whether or not this Court agrees with the Georgia court's determinations on the jurisdiction question is beside the point. " '[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.' " *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Ass'n*, 455 U.S. 691, 706, 102 S. Ct. 1357, 1367 (1982) (quoting *Durfee v. Duke*, 375 U.S. 106, 111, 84 S. Ct. 242, 245 (1963)). " 'After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first.' " *Underwriters*, 455 U.S. at 706 n. 13, 102 S. Ct. at 1367 n. 13 (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S. Ct. 134, 138 (1938)). Accordingly, the Supreme Court held in *Underwriters* that the second court must initially

4

determine whether the first court "fully and fairly considered" the jurisdiction question, and if the matter was "fully considered and finally determined" in the first court, that court's judgment is entitled to full faith and credit in the courts of the second state. *Underwriters*, 455 U.S. at 706-07, 102 S. Ct. at 1367.

¶7     This Court acknowledged these principles in *In re Child Support of Mason*, 1998 MT 192, ¶ 15, 290 Mont. 253, ¶ 15, 964 P.2d 743, ¶ 15.  We then stated as follows:

> Thus, when issues of jurisdiction have been determined by one court, the doctrine of res judicata precludes a second court from considering jurisdiction so long as the first court fully and fairly considered the issue. Moreover, that judgment as to jurisdiction is entitled to full faith and credit in the second court.  Such an interpretation comports with the full faith and credit policy that courts of one state must give such force and effect to a foreign judgment as the judgment would have received in its own state.

*Mason*, ¶ 16.  Because the appellant in *Mason* had presented his personal jurisdiction issue to the Utah court, which in turn determined that it had personal jurisdiction over him, we stated that our scope of review was "limited" to determining whether the Utah court had "fully and fairly considered the issue." *Mason*, ¶ 16.  Likewise here, we must first determine whether the Georgia court fully and fairly considered the jurisdiction question.  If the matter was "fully considered and finally determined" in the Georgia court, that court's judgment is entitled to full faith and credit in the courts of Montana. *Underwriters*, 455 U.S. at 707, 102 S. Ct. at 1367.

¶8     The Lawrences acknowledge these points but maintain that the Georgia court lacked jurisdiction over them and their assets.  They reiterate their view that the Georgia court's analysis "was based on numerous inaccuracies and misunderstandings of the facts surrounding the Lawrences' minimal contacts with Georgia."  The threshold question,

5

however, is not whether the Georgia court's ruling was wrong; rather, it is whether the jurisdiction issue was fully and fairly litigated in that court. In this regard, the Lawrences do not deny that they had the opportunity to present their evidence and their view of the law to the Georgia court. Indeed, they acknowledge that they filed motions and briefs regarding the issue of jurisdiction. If they were convinced that the Georgia court, notwithstanding their legal arguments and the evidence presented, reached the wrong conclusion, then the proper course of action was to pursue a reversal or amendment of the Georgia court's judgment in the courts of that state, not to wait until Genuine Parts sought to enforce the judgment in Montana and then initiate a collateral attack against the judgment in the courts of this state.

## CONCLUSION

¶9 In sum, the Lawrences have failed to demonstrate that the Georgia court did not fully and fairly consider the jurisdiction issue. Although the District Court reached this same conclusion for slightly different reasons, this Court will uphold a district court's judgment if the court reaches the correct result, regardless of the court's reasoning. *Peterson v. Eichhorn*, 2008 MT 250, ¶ 37, 344 Mont. 540, ¶ 37, 189 P.3d 615, ¶ 37.

¶10 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JOHN WARNER